OPINION OF THE COURT
Joseph J. Dowd, J.
Petitioner in this article 78 proceeding, an employable recipient of home relief, seeks review of the respondent State commissioner’s affirmance, after a statutory fair hearing, of the respondent local agency’s determination suspending his public assistance for 30 days and until he should report to his public work project (PWP) assignment.
It appears petitioner had heretofore always reported to his PWP assignments. When given the assignment in question, he asked to be assigned to a different location on the ground the assigned location was difficult and time-consuming to reach via public transportation. The local agency then informed petitioner of its intention to suspend his benefits pursuant to 18 NYCRR 385.8 and the State commissioner affirmed.
*956 The court is aware that many New Yorkers live in what are described as “two-fare zones” and they must use two or more buses or subways (or combinations thereof), to get to and from work each day. The court is also aware that, in the present state of public transportation facilities, such traveling is wearing and time-consuming, at best. In addition, it may well be that, in a county of this size, travel between petitioner’s residence and his PWP assignment may well be lengthy and burdensome.
In several instances, 18 NYCRR Part 385, “Restoring Employables to Self-Support”, makes provision for transportation difficulties. For example, 18 NYCRR 385.6, “Transportation hardship”, makes provision for a transportation hardship insofar as those required to report to the State Employment Service are concerned. Similarly, 18 NYCRR 385.7 makes provision for those who do not accept employment by reason of transportation difficulties. There is no companion provision which applies to those, as petitioner, taking part in the PWP program and the local agency did not consider the ease or difficulty of transportation when the question was raised by petitioner. With the issue of transportation difficulty before it, and with the requirement the issue be considered in closely analagous situations, the court concludes the local agency’s failure or refusal to investigate or consider the matter before making its determination was arbitrary and capricious. Petitioner’s application is granted only to the extent of allowing petitioner to proceed as a poor person and remanding this matter to the local agency for de novo consideration, and is in all other respects denied.